# United States Court of Appeals
## For the First Circuit

No. 06-2305

RAJA SIPAYUNG,

Petitioner,

v.

ALBERTO GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Lynch, Circuit Judges,
and Fusté,* District Judge.

H. Raymond Fasano and Madeo & Fasano on brief for petitioner.
Kathryn L. Moore, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, M. Jocelyn Lopez Wright, Senior Litigation Counsel, and Peter D. Keisler, Assistant Attorney General, Civil Division, on brief for respondent.

June 27, 2007

---

* Of the District of Puerto Rico, sitting by designation.

**LYNCH**, <u>Circuit Judge</u>.  Raja Sipayung of Indonesia was admitted to the United States on August 4, 1997 on an F-1 student visa to attend Southern Nevada Community College.  He never attended the school, but worked instead.  His removal proceedings began with a Notice to Appear dated November 29, 2002.  He conceded removability and on June 25, 2003, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

On March 23, 2005, an Immigration Judge (IJ) found that Sipayung had not met the one-year limitation period for asylum applications under 8 U.S.C. § 1158(a)(2)(B) and that he did not fall within an exception under 8 U.S.C. § 1158(a)(2)(D), and so denied asylum.  The IJ also found that Sipayung had not met his burden for either withholding of removal or CAT relief.

Sipayung's claim was that as a practicing Christian, indeed as an ordained minister, he would suffer religious persecution if he were returned to Indonesia.  The IJ accepted Sipayung's testimony as credible, but held that he had not shown it was more likely than not he would be persecuted on his return.  The IJ noted that Sipayung's parents and relatives continued to live and practice their Christian faith in Indonesia.  The IJ also considered the 2003 and 2004 United States State Department Religious Freedom Reports for Indonesia, which indicated that while Islamic fundamentalism had been spreading in many areas, the

government was making efforts to combat terrorism. These reports undercut Sipayung's claims of future persecution.

On August 11, 2006, the Board of Immigration Appeals (BIA) affirmed the IJ's decision. It also rejected Sipayung's argument that the IJ had erred in declining to accept evidence Sipayung had offered late under the local rules. The BIA also noted that this evidence did not in any event demonstrate Sipayung's eligibility for relief from removal, and that he had therefore suffered no prejudice from the purported error.

Sipayung's timely petition for review in this court challenges both the denial of asylum and the denial of withholding of removal. No mention is made of the CAT claim.

We have no jurisdiction to review the agency's determination that the asylum claim was untimely. See 8 U.S.C. § 1158(a)(3); Silva v. Gonzales, 463 F.3d 68, 71-72 (1st Cir. 2006); Hayek v. Gonzales, 445 F.3d 501, 506-07 (1st Cir. 2006) (per curiam).

This leaves only the denial of withholding of removal. We review the BIA's factual determinations under the substantial evidence standard; that is, we must uphold those determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sharari v. Gonzales, 407 F.3d 467, 473 (1st Cir. 2005) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)) (internal quotation marks

omitted). We reverse such a determination only when a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To qualify for withholding of removal, Sipayung needed to show either (1) that he had suffered past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, thus creating a rebuttable presumption that he would suffer future persecution, or (2) that it was more likely than not that he would face persecution on account of a protected ground upon his return to Indonesia. Da Silva v. Ashcroft, 394 F.3d 1, 4 (1st Cir. 2005). The "more likely than not" standard is a higher threshold than the standard for establishing eligibility for asylum. Id. at 4 n.5.

Sipayung makes both an argument that the record compels the conclusion that he has established past persecution and an argument that based on changed country conditions, there is a clear probability of future persecution.

Substantial evidence supports the conclusion that the incidents complained of did not amount to past persecution. Sipayung was subjected to name calling at school and to "weird looks" when he carried his Bible in public, and people once threw stones at the door of the home of a fellow church member while he was there to worship. These sporadic incidents, over the course of several years, do not amount to persecution, even considered

cumulatively.  See Awad v. Gonzales, 463 F.3d 73, 76-77 (1st Cir. 2006) (describing cases in which occasional physical abuse did not amount to persecution).

As to future persecution, the IJ accepted that Sipayung had a subjectively genuine fear, but rejected the notion that any such fear was objectively reasonable, for two reasons.  First, Sipayung's parents had returned to Indonesia from the United States in December 2003; they and other relatives continued to practice their religion, and none of them had ever been harmed.  Second, as documented by the State Department reports, conditions started to improve for Christians in Indonesia in 2003.  These are rational bases on which to find that Sipayung failed to show that he would more likely than not face future persecution in Indonesia.  See Nikijuluw v. Gonzales, 427 F.3d 115, 122 (1st Cir. 2005).

Sipayung responds that the IJ wrongly stressed the more optimistic portions of the State Department reports over the less rosy parts.  We cannot say the IJ's reading of the State Department reports was unreasonable, especially in light of the experience of Sipayung's family, all of whom practiced Christianity in Indonesia without persecution.  See Pan v. Gonzales, No. 06-2166, 2007 U.S. App. LEXIS 13159, at *19 n.6 (1st Cir. June 7, 2007) (deferring to the IJ's "reasonable" choice to rely on an "unfavorable passage" from a State Department report over a passage "more favorable" to the petitioner).  Sipayung suggests that his situation differs from

that of his relatives because he is a minister, but he points to no evidence to counter the IJ's conclusion that "the conditions simply do not establish that it is more likely than not [that] a Christian minister would suffer harm on account of his practicing his religion, or leading religious services."

Sipayung also argues that the IJ miscalibrated the test. He argues the evidence establishes "a pattern or practice of persecution," such that Sipayung need not show that he personally would be singled out for persecution. See 8 C.F.R. § 208.16(b)(2). The evidence in the record, particularly in light of the 2003 and 2004 State Department reports, does not compel the conclusion that there is a pattern or practice of persecuting Christians in Indonesia such that Sipayung's identity as a Christian is enough to make it more likely than not that he would face persecution. See Tolego v. Gonzales, 452 F.3d 763, 766 (8th Cir. 2006). Rather, substantial evidence supports the IJ's determination that although "[t]here do continue to be incidents of violence against Christians," the government in Indonesia "is making significant efforts to curtail any terrorist activity." See Susanto v. Gonzales, 439 F.3d 57, 60-61 (1st Cir. 2006).

Finally, to the extent Sipayung also makes a claim of procedural error, decrying the IJ's refusal to consider certain late-filed documents, the claim is without merit. See Sulaiman v. Gonzales, 429 F.3d 347, 351 (1st Cir. 2005).

We <u>deny</u> the petition for review.