**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1552

RAYMOND MARAMIS,

Petitioner,

v.

MICHAEL B. MUKASEY,[*]
ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Wei Jia on brief for petitioner.
Joan E. Smiley, Attorney, Office of Immigration Litigation,
Peter D. Keisler, Assistant Attorney General, and Richard M. Evans
on brief for respondent.

January 9, 2008

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Michael B. Mukasey has been substituted for former Attorney General
Alberto R. Gonzales as the respondent herein.

**STAHL**, **Senior Circuit Judge**.  The Board of Immigration Appeals (BIA) affirmed, without opinion, an Immigration Judge's (IJ's) denial of Raymond Maramis's claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Maramis,[1] a native and citizen of Indonesia, now petitions this court for a review of the BIA's denial of his claims for asylum and withholding of removal.  Maramis does not argue error in the BIA's affirmation of the IJ's denial of relief under the CAT, thus waiving that issue.  See Wijaya v. Gonzales, 201 F. App'x 791, 792 (1st Cir. 2006) (unpublished opinion).  Because a reasonable fact-finder would not be compelled to conclude that Maramis has met his burden of proof to establish eligibility for asylum or withholding of removal, we deny the petition for review.

## I.  BACKGROUND

Maramis entered the United States via Los Angeles, California, on or about May 1, 2002, as a nonimmigrant visitor with authorization to remain in the United States until October 31, 2002.  In a Notice to Appear dated May 23, 2003, the former Immigration and Naturalization Service instituted removal proceedings.  At a hearing before the IJ, Maramis admitted the factual allegations within the Notice to Appear and conceded

_____

[1]Maramis's wife, Sellyna Ombuh, also a native and citizen of Indonesia, is a derivative applicant for asylum, withholding of removal, and protection under the CAT, based on Maramis's application.

removability as charged, but argued entitlement to asylum, withholding of removal, and protection under the CAT.

The IJ denied Maramis's asylum application and other attendant claims, finding that, while credible, Maramis did not adequately corroborate his status as a lifelong Christian, that the events described by him did not amount to past persecution, and that he failed to present a sufficient basis to substantiate a well-founded fear of future persecution. The IJ also perfunctorily denied Maramis's claims for withholding of removal and protection under the CAT. A detailed discussion of the underlying facts is unnecessary, because Maramis bases his appeal entirely on a pattern or practice theory in his attempt at establishing a well-founded fear of persecution. As evidence, Maramis relies exclusively upon the State Department's 2005 International Religious Freedom Report on Indonesia.[2]

## II. DISCUSSION

We review the BIA's denial of asylum for substantial evidence and accept the BIA's findings of fact if they are "supported by reasonable, substantial, and probative evidence on

---

[2]Although Maramis presented additional evidence concerning conditions in Indonesia to the IJ, including the State Department's 2004 Country Report on Indonesia as well as letters from a Christian pastor located in Indonesia and Maramis's sister in Indonesia, his brief on appeal focuses solely on the 2005 International Religious Freedom Report for purposes of establishing the existence of a pattern or practice of religious persecution in Indonesia. We note, however, that the result would not change were the court to consider the additional information.

the record considered as a whole." Njenga v. Ashcroft, 386 F.3d 335, 338 (1st Cir. 2004) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)) (internal quotation marks omitted). With respect to factual conclusions, we will reverse the decision below only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where, as here, "the BIA adopts an IJ's decision, we review the relevant portion of the IJ's opinion as though it were the decision of the BIA." Guillaume v. Gonzales, 504 F.3d 68, 72 (1st Cir. 2007).

The petitioner bears the burden of proof to establish eligibility for asylum. Bocova v. Gonzales, 412 F.3d 257, 262 (1st Cir. 2005). This burden can be met by proving past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, which then gives rise to an inference of future persecution, or by establishing a well-founded fear of persecution on the same grounds. Id. "A well-founded fear of future persecution can be shown in either of two ways." Wijaya, 201 F. App'x at 794. "First, the petitioner may show a genuine subjective fear of persecution, along with 'credible, direct, and specific evidence' that would objectively support a reasonable fear of future individualized persecution." Id. (quoting Guzman v. INS, 327 F.3d 11, 16 (1st Cir. 2003)). "Second, a petitioner need not provide evidence that he would be singled out for persecution if he establishes that there is a 'pattern or practice in his or her

-4-

country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Id. (alteration in original) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)(A)).

Thus, our review of the decision below regarding whether Maramis has a well-founded fear of persecution is highly circumscribed. We can only reverse if the evidence compels the opposite conclusion. In this case, Maramis has waived his arguments related to past persecution and his fear of future persecution based on his own, specific circumstances. See Berrio-Barrera v. Gonzales, 460 F.3d 163, 168 & n.2 (1st Cir. 2006) (holding that issues not presented on appeal or adverted to in a perfunctory manner are deemed waived). In this appeal, Maramis maintains only that the IJ erred by holding that he had failed to present sufficient corroboratory evidence that he had been a Christian since birth and by failing to address Maramis's evidence supporting the existence of a pattern or practice of persecution against Christians in Indonesia. Because we rule against Maramis on the latter ground, we need not consider the question of whether the IJ erred by requiring Maramis to present corroboratory evidence regarding his alleged Christian faith.

The record evidence does not compel the conclusion that Maramis has established a well-founded fear of future persecution

on the basis of his professed religious identity.  In support of this aspect of his claim on appeal, Maramis points to the 2005 International Religious Freedom Report issued by the State Department.  Maramis contends that the IJ neglected to consider whether this evidence proved the existence of a pattern or practice of persecution of Christians in Indonesia.  This argument is largely semantic, based on the IJ's failure to use the precise phrase "pattern or practice," which is a term of art.  "We do not require an IJ to intone any magic words before we will review [his] determination."  Sulaiman v. Gonzales, 429 F.3d 347, 351 (1st Cir. 2005) (citing Morales v. INS, 208 F.3d 323, 328 (1st Cir. 2000)).

As a substantive matter, the IJ described the general conditions in Indonesia as presented in the State Department report in his summary of facts, specifically noting that despite the presence of some ongoing conflict, "the [Indonesian] government made significant efforts to reduce interreligious violence . . . ." Again, in his findings and analysis, the IJ acknowledged the existence of some degree of religious turmoil in Indonesia. Moreover, we note that counsel for Maramis likewise did not use the phrase "pattern or practice" during oral argument before the IJ, opting for less precise diction.  Even if Maramis did adequately make a pattern or practice claim to the IJ, the IJ's conclusion is supported by the record.

Although the IJ recognized that Indonesia is not devoid of religious conflict, he nonetheless determined that Maramis failed to adduce sufficient evidence to form an objectively reasonable basis for fearing harm in Indonesia because of his purported Christian faith. This conclusion is amply supported by the record. Indeed, in recent cases, we have repeatedly and uniformly rejected nearly identical appeals from petitioners based on the supposed existence of an ongoing pattern or practice of persecution against Christians in Indonesia. See, e.g., Kho v. Keisler, 505 F.3d 50, 54-55 (1st Cir. 2007) (citing Sipayung v. Gonzales, 491 F.3d 18, 21 (1st Cir. 2007); Wijaya, 201 F. App'x at 795; Teja v. Gonzales, 196 F. App'x 4, 7 (1st Cir. 2006) (per curiam) (unpublished opinion); Jaya v. Gonzales, 169 F. App'x 596, 598 (1st Cir. 2005) (per curiam) (unpublished opinion)).

Maramis did not supply either the IJ or the BIA with any new information substantiating worsening conditions in Indonesia that would warrant a different result. A perusal of the 2005 International Religious Freedom Report reinforces, rather than refutes, the IJ's rejection of Maramis's pattern or practice argument. Besides praising the Indonesian government's efforts to curb religious violence, the report reveals only sporadic and isolated incidents of religious turmoil in a country of approximately 240 million inhabitants. The overall tenor of the report reflects measured progress rather than increasing conflict.

Thus, Maramis has failed to prove that he has a well-founded fear of future persecution and, consequently, his claim for asylum is without merit.

Maramis, "having failed to establish [his] eligibility for asylum, necessarily fails in [his] claim for withholding of removal," which is subject to a more stringent burden of proof. See Wang v. Mukasey, 508 F.3d 80, 85 (1st Cir. 2007) (citing Berrio-Barrera 460 F.3d at 168; Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005)). Thus, we reject Maramis's claim for withholding of removal as well.

### III.  CONCLUSION

For the foregoing reasons, we deny Maramis's petition for review.

Affirmed.