Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1330

CHUKRI RIZKALLAH GERGES RABBAT,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Baldock,* and Howard, Circuit Judges.

Joan M. Altamore, on brief, for petitioner.
Gregory G. Katsas, Acting Attorney General, Civil Division, Alison Marie Igoe, Senior Litigation Counsel, and Ada E. Bosque, Attorney, Office of Immigration Litigation, on brief, for respondent.

September 24, 2008

---

* Of the Tenth Circuit, sitting by designation.

**BALDOCK, <u>Senior Circuit Judge</u>**.   The Department of Homeland Security charged Petitioner Chukri Rizkallah Gerges Rabbat, a citizen of Lebanon, with overstaying his non-immigrant visa.  <u>See</u> 8 U.S.C. § 1227(a)(1)(B).  Petitioner admitted the charge's factual allegations (contained in a Notice to Appear) and filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT).  <u>See</u> 8 U.S.C. §§ 1158(b), 1231(b)(3); 8 C.F.R. § 1208.16.  In his application, Petitioner alleged a fear of persecution at the hands of Syrians based upon his Christian religion.

Following a hearing at which Petitioner testified at length, the Immigration Judge (IJ) first found Petitioner's application for asylum untimely under 8 U.S.C. § 1158(a)(2). Subsection (a)(2)(B) provides that, absent changed or extraordinary circumstances, an alien is not eligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  Based on blanket findings, the IJ alternatively concluded that Petitioner was not eligible for asylum because his testimony was not credible.  <u>See</u> <u>id.</u> § 1158(b)(1)(B)(ii),(iii)  (establishing  a  framework  for

credibility determinations). The IJ explained that Petitioner did not meet his burden of establishing he was a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42), i.e., one having a well-founded fear of persecution based on, among other things, religion. See id. § 1158(b)(1)(B)(i) (requiring applicant for asylum to establish refugee status). The IJ further concluded Petitioner was not entitled to withholding of removal because he did not meet his burden of establishing his life or freedom would be threatened on account of religion if removed to Lebanon. See id. § 1231(b)(3). Finally, the IJ concluded Petitioner had not proven "more likely than not" that he would be tortured upon returning to Lebanon as required for protection under CAT. See 8 C.F.R. § 1208.16(c)(2). The Board of Immigration Appeals (BIA) agreed with the IJ's decision in all respects and dismissed Petitioner's appeal. In doing so, the BIA explained that Petitioner's application for asylum was time-barred, and the IJ's adverse credibility determination was not clearly erroneous. See 8 C.F.R. § 1003.1(d)(3)(i).

At the outset, we note our lack of jurisdiction to review Petitioner's asylum claim. Subsection (a)(3) of 8 U.S.C. § 1158 plainly states "[n]o court shall have jurisdiction to review any determination of the Attorney

General under paragraph (2)," relating to time limits for filing an application for asylum. See Guillaume v. Gonzales, 504 F.3d 68, 72 (1st Cir. 2007). Thus, we possess jurisdiction only to review the BIA's denial of relief based on withholding of removal and CAT. In Jiang v. Gonzales, 474 F.3d 25, 27 (1st Cir. 2007) we set forth the standard of review applicable to those claims:

> This court reviews findings of fact in immigration proceedings, including findings with respect to credibility, to determine whether those findings are supported by substantial evidence in the record. Under that standard, an adverse credibility determination may stand if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.

(internal quotations and citation omitted); see also Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004) (explaining the substantial evidence standard "applies both to the asylum and withholding claims as well as to claims brought under CAT").

Applying this standard, we need not repeat Petitioner's story here. We have carefully reviewed the entire record and the parties' briefs, and conclude the BIA reached the correct result under the applicable law. We have repeatedly opined that "'when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length.'" Metro. Life Ins. Co. v. Zaldivar, 413 F.3d 119,

-5-

120 (1st Cir. 2005) (quoting <u>Seaco Ins. Co.</u> v. <u>Davis-Irish</u>, 300 F.3d 84, 86 (1st Cir. 2002) (citing cases)).  Because substantial evidence supports the BIA's decision, we deny the Petition for Review for substantially the reasons set forth in that decision.  <u>See</u> <u>Lin</u> v. <u>Mukasey</u>, 521 F.3d 22, 26 (1st Cir. 2008) ("Where the BIA does not [expressly] adopt the IJ's findings, we review the BIA's decision rather than the IJ's.").

**PETITION FOR REVIEW DENIED IN PART, AND DISMISSED IN PART FOR LACK OF JURISDICTION.**