# United States Court of Appeals
## For the First Circuit

No. 18-1430

JAIME RODRIGUEZ-PALACIOS,

Petitioner,

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Kayatta, and Barron,
<u>Circuit Judges</u>.

<u>Melanie Chaput</u> and <u>Chaput Law Office</u> on brief for petitioner.
<u>Genevieve Kelly</u>, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, <u>Joseph H. Hunt</u>, Assistant Attorney General, Civil Division, U.S. Department of Justice, and <u>Cindy S. Ferrier</u>, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

June 12, 2019

**BARRON**, **Circuit Judge**.  Jaime Rodriguez-Palacios ("Rodriguez"), a Mexican citizen, petitions for review of the Board of Immigration Appeals's ("BIA") order, which upheld the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We dismiss in part and deny in part the petition for review.

**I.**

Rodriguez was born in Mexico and entered the United States without inspection in February 2007.  The Department of Homeland Security ("DHS") commenced removal proceedings against Rodriguez on July 3, 2012, by filing a Notice to Appear with the Immigration Court that charged him with being removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i).[1]  Thereafter, in November 2012, Rodriguez filed an application for asylum, withholding of removal, and protection under the CAT.

---

[1] Rodriguez notes that the Notice to Appear failed to designate a date or time for the future hearing, stating only that he was required to appear at a date and time "to be set."  Citing Pereira v. Sessions, 138 S. Ct. 2105 (2018), Rodriguez contends that his Notice to Appear is now considered statutorily deficient, rendering him eligible for Cancellation of Removal for Nonpermanent Residents.  However, he does not offer any arguments to us in reliance on Pereira, but rather notes that he has filed a motion before the BIA to remand the matter to the IJ.  Therefore, we do not address that issue in this opinion.

At a hearing before the IJ on May 3, 2017, Rodriguez testified as follows. He was born and raised in Colima, Mexico, where his parents and siblings still resided. Four years before he entered the United States, someone unsuccessfully tried to hit him with a bottle at a party. After the attempted assault, Rodriguez ran away with his friends and, afraid of retaliation, never reported the incident to the police, though his friends told him that the perpetrator belonged to a gang. Before he left for the United States, he worked at a shipyard. Neither he nor his co-workers had any problems there. He left Mexico with the assistance of a coyote "[b]ecause [he] was looking for the future, and because of the violence that's in Mexico."

Rodriguez further testified that his family had no problems in Mexico even after he left, though his brother worked for the Mexican military and kept to himself out of fear. Rodriguez also mentioned that, about a month before his hearing before the IJ, a friend of his was murdered by gang members at a location that was about fifteen to twenty minutes from his hometown, perhaps because his friend used drugs. Rodriguez testified that he feared returning to Mexico because he or his children could be targeted by kidnappers or extortionists who would assume that he had money because he was returning from the United States. Finally, Rodriguez noted that he did not apply for asylum in 2007 because circumstances were better in Mexico at that time.

He stated that "[a]bout nine or 10 years [ago] is when things started to change. And they're worse and worse with the kidnappings and murders and the cartels."

After reviewing this testimony, along with news articles and country reports that Rodriquez submitted, the IJ denied Rodriguez's applications for asylum, withholding of removal, and deferral of removal under the CAT, but granted his request for voluntary departure. Rodriguez filed a Notice of Appeal to the BIA, which upheld the IJ's factual findings and dismissed the appeal. We now consider Rodriguez's timely petition for review of the BIA's ruling.

**II.**

Where, as here, "the BIA wrote separately while also approving the IJ's decision, our review is directed at both of those decisions." Ahmed v. Holder, 765 F.3d 96, 99 (1st Cir. 2014). We examine legal conclusions de novo and factual findings under the substantial evidence standard, "accepting the agency's factfinding unless the evidence 'would compel a reasonable factfinder to reach a contrary conclusion.'" Guaman-Loja v. Holder, 707 F.3d 119, 122 (1st Cir. 2013) (quoting Seng v. Holder, 584 F.3d 13, 17 (1st Cir. 2009)).

**A.**

A petitioner seeking asylum must "demonstrate[] by clear and convincing evidence" that his asylum application was filed

- 4 -

within one year of his arrival in the United States.  8 U.S.C. § 1158(a)(2)(B).  A failure to meet this one-year filing deadline may be excused if "the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  Id. § 1158(a)(2)(D).

Rodriguez did not file his asylum application within one year of entering the United States.  Moreover, he acknowledges that "we have no jurisdiction to review the Attorney General's determination that an asylum application is untimely and unexcused by circumstances."  Usman v. Holder, 566 F.3d 262, 267 (1st Cir. 2009) (internal alteration omitted) (quoting Lutaaya v. Mukasey, 535 F.3d 63, 69 (1st Cir. 2008)) (citing 8 U.S.C. § 1158(a)(3) (providing that "[n]o court shall have jurisdiction to review any determination of the Attorney General" on an asylum seeker's compliance with the one-year time limit)).

Nevertheless, Rodriguez contends that we may review his challenge pursuant to 8 U.S.C. § 1252(a)(2)(D), which states that "[n]othing in . . . this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review."  In order for this exception to the jurisdictional bar to apply, "the putative constitutional or legal challenge must

be more than a disguised challenge to factual findings." Usman, 566 F.3d at 267 (quoting Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007)).

Rodriguez styles his challenge to the BIA's timeliness ruling as one that targets the legal standard that the BIA applied. In fact, however, his challenge takes issue with the evidentiary basis for the BIA's finding that "circumstances" did not excuse his untimely application for asylum. Therefore, we do not have jurisdiction to review his petition for review of the BIA's ruling on his asylum claim. See Oroh v. Holder, 561 F.3d 62, 66–67 (1st Cir. 2009).

**B.**

Rodriguez also sought withholding of removal and protection under the CAT. These forms of relief require the petitioner to prove that it is "more likely than not" that he himself would face persecution or torture if he returned to his home country. Usman, 566 F.3d at 268 (quoting Guillaume v. Gonzales, 504 F.3d 68, 71 n.2 (1st Cir. 2007)). There is no jurisdictional bar to our review of the BIA's rulings as to these claims. Nevertheless, we reject his challenges to the BIA's rulings as to each.

With respect to his challenge to the BIA's ruling affirming the IJ's denial of his request for withholding of removal, Rodriguez waived it by failing to develop it in his

opening brief.  See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").  That leaves, then, only Rodriguez's challenge to the BIA's affirmance of the IJ's denial of his CAT claim on the ground that "there is no evidence in the record that the respondent would be singled out for torture with the consent or acquiescence of a public official."  (Emphasis added).

The IJ specifically found that Rodriguez was not tortured in the past, that his family has not been tortured in Mexico, and that, although one of his friends was killed, Rodriguez had not provided any evidence with respect to that crime to show the motivation of the killers.  As Rodriquez fails to identify any evidence to suggest that substantial evidence fails to support the BIA's affirmance of the IJ's finding that he himself is not likely to be tortured, he provides us with no basis for overturning the BIA's ruling on his CAT claim.

### III.

The petition for review is **dismissed in part** and **denied in part**.