# United States Court of Appeals
## For the First Circuit

Nos. 05-2893, 07-1798

NASREDDINE CHIKKEUR, BAGHDADIA MEGUENINE,

Petitioners,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,[*]

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before
Torruella, Lynch and Lipez,
<u>Circuit Judges</u>.

<u>Jeanette Kain</u>, <u>Maureen O'Sullivan</u>, and <u>Kaplan, O'Sullivan & Friedman</u> on brief for petitioners.
<u>Hillel R. Smith</u>, Trial Attorney, <u>Peter D. Keisler</u>, Assistant Attorney General, and <u>Terri J. Scadron</u>, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

January 31, 2008

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as the respondent herein.

**LYNCH**, <u>**Circuit Judge**</u>.  Nasreddine Chikkeur and his wife, Baghdadia Meguenine, are both natives and citizens of Algeria.  The Board of Immigration Appeals (BIA) affirmed without opinion the decision of an Immigration Judge (IJ) denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  The BIA denied a later petition to reopen.  Both denials are the subject of this petition for review.[1]

Petitioners' asylum application relies on an incident of extortion that occurred in May 1996, while Chikkeur operated a successful retail business in his native city of Oran.  Two men claiming to belong to the FIS, a radical Islamist group, visited Chikkeur's shop, shoved him to the ground, and took cash from the store's register.  The men demanded that Chikkeur hand over a much more substantial sum of money within thirty days.  Over the next three weeks, Chikkeur's wife received three phone calls from men threatening to kill Chikkeur and his family if he did not pay the FIS.  Chikkeur resolved not to pay the FIS, and decided instead to leave Algeria.  He closed his shop, left his home to his mother and brother to sell, and departed for the United States with his wife.

---

[1]  Chikkeur was the lead applicant for relief.  Consistent with the practice of the IJ, the BIA, and the parties themselves, we treat Chikkeur and Meguenine's collective claims by focusing on Chikkeur himself.  <u>See</u> <u>Estrada-Canales</u> v. <u>Gonzales</u>, 437 F.3d 208, 210 (1st Cir. 2006).

Petitioners entered the United States on June 4, 1996, on a six-month sightseeing visa. Removal proceedings against Chikkeur commenced on May 22, 1998. After an initial decision by an IJ was remanded by the BIA for insufficient findings regarding credibility and past persecution, a new IJ reheard petitioners' testimony and issued a written decision denying asylum, withholding of removal, and CAT relief on July 29, 2004. Voluntary removal was granted. The BIA summarily affirmed on November 29, 2005.

Petitioners filed a motion with the BIA to reopen their case on February 27, 2006. The motion was based on Chikkeur's claim that he had recently learned that Islamists had burned down his old store and killed his brother. These events, according to Chikkeur, supported his claims of a well-founded fear of persecution should he return to Algeria. The BIA denied the motion to reopen on May 7, 2007.

Because petitioners did not challenge the IJ's initial denial of withholding of removal or CAT relief before the BIA, those issues are not before this court. See 8 U.S.C. § 1252(d)(1); Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006). Here, we only consider petitioners' claim for asylum.

This court may not grant the petition for review unless the evidence compels the conclusion, contrary to the IJ's findings, that petitioner met his burden of proving he suffered past persecution or has a well-founded fear of future persecution based

on one of five enumerated grounds.  See 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" as one who suffers persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion); see also Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003) (substantial evidence standard).

The IJ supportably found, on the record, that Chikkeur "failed to demonstrate the requisite link between the extortion and his (imputed) political opinion or membership in a particular social group."  See 8 U.S.C. § 1101(a)(42)(A).  Chikkeur argues that while the attack on his store began as extortion for purely economic gain, the FIS members interpreted Chikkeur's refusal to comply with their demands as political opposition, which resulted in a politically motivated escalation of their demands.  However, nothing in the record compels the conclusion that Chikkeur was targeted for anything other than economic motives.  Cf. Hincapie v. Gonzales, 494 F.3d 213, 219-20 (1st Cir. 2007) (distinguishing between "a desire to extort money" and "any motive connected to a statutorily protected ground").  No issue of law is presented by this case.  The IJ's finding is supported by substantial evidence.

Likewise, the motion to reopen does not present any basis to conclude that Chikkeur's brother was killed "on account of a protected ground, rather [than a] refusal to give in to [the FIS's] extortion demands."  A motion to reopen must be denied unless petitioners' new evidence establishes a prima facie case for the

-4-

underlying substantive relief.  Mabikas v. INS, 358 F.3d 145, 148 (1st Cir. 2004).  It was within the discretion of the BIA to deny the motion.  Cf. id.

The petition for review as to both issues is denied.