# United States Court of Appeals
## For the First Circuit

Nos. 07-1642, 07-1643

GENARIO VICENTE DE OLIVEIRA & RICARDO LEMOS NEIVA,

Petitioners,

v.

MICHAEL B. MUKASEY,[*] Attorney General

Respondent.

PETITIONS FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Wallace[**], Senior Circuit Judge,

and Howard, Circuit Judge.

Jose A. Espinosa on brief for petitioners.
Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, and Scott Rempell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, on brief for respondents.

March 19, 2008

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto R. Gonzales as respondent.

[**]Of the Ninth Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**.  Genario Vicente de Oliveira and his son Ricardo Lemos Neiva petition this court to review the decision of the Board of Immigration Appeals (BIA).  The BIA upheld the determination of an Immigration Judge (IJ) that the two men were not entitled to withholding of removal or protection under the Convention Against Torture (CAT).[1]  Because the BIA upheld the IJ without its own written opinion, it is considered to have adopted the decision of the IJ.  Guillaume v. Gonzalez, 504 F.3d 68, 72 (1st Cir. 2007).  Discerning substantial evidence in the record to support the BIA's determination, we deny the petition.

De Oliveira is a former candidate for mayor of Cuparaque, Brazil.  During the campaign he received death threats from those close to the incumbent.  After he lost the election, de Oliveira received more threats, which stopped when he left Cuparaque to stay with his brother.  Upon his return he was threatened again, and then the threats subsided for the four months before de Oliveira left for the United States.  De Oliveira claims the threats also promised violence to his children.

"This court reviews BIA decisions under the deferential substantial evidence standard.  The BIA's decision will be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Carcamo-Recinos v. Ashcroft,

---

[1]Neither man sought asylum, as those claims were time-barred.

389 F.3d 253, 256 (1st Cir. 2004). In order to qualify for withholding of removal, de Oliveira would need to prove that it is more likely than not that he will face persecution should he return to Brazil. INS v. Aguirre-Aguirre, 526 U.S. 415, 419 (1999). This showing can be made by proving past persecution, which raises a rebuttable presumption of the likelihood of future persecution. Journal v. Keisler, 507 F.3d 9, 12 (1st Cir. 2007). To qualify for protection under the CAT, de Oliveira would need to prove it more likely than not that he would suffer torture at the hands of the government or with the consent or acquiescence of the government. Romilus v. Ashcroft, 385 F.3d 1, 8 (1st Cir. 2004).

Substantial evidence in the record supports the IJ's determination that de Oliveira has proved neither past persecution nor a likelihood of future persecution. In particular, the IJ found that the death threats were never accompanied by overt action, that they were not escalating in nature, and that they stopped both for the "couple months" that de Oliveira left town after the election, and for the four months that he was winding up his affairs and preparing to move to the United States. As for a likelihood of future persecution, the IJ noted that another son of de Oliveira has been living in Brazil since April 2005 without harm. That son was active in de Oliveira's campaign. Similarly, de Oliveira's wife and two of their other children had remained in Brazil throughout this time and were not harmed. "[T]he fact that

-3-

close relatives continue to live peacefully in the alien's homeland undercuts the alien's claim that persecution awaits his return." Aquilar-Solis v. INS, 168 F.3d 565, 573 (1st Cir. 1999), cited by Romilus, 385 F.3d at 8. This is particularly true, where, as here, the threats explicitly contemplated harm to the children. Also, the IJ found that the cessation of threats while de Oliveira was visiting his brother in another town meant that he could indeed safely return to Brazil, even if persecution awaited him in the single town of Cuparaque. Finally, the IJ found that Cuparaque has a new mayor, who would presumably not have the same interest in prosecuting a vendetta on behalf of the old mayor, if indeed one existed. This substantial evidence in support of the IJ's decision ends the matter.

The IJ correctly noted that because de Oliveira had failed to prove it more likely than not that he would be harmed, he has necessarily failed to prove it more likely than not that he would be tortured. Thus, the BIA's denial of petition for protection must be upheld.

Neiva predicates his claims on those of his father. For his part, he has never been threatened or harmed, and his fears center on the likelihood of reprisals against his father. His claims therefore fall with his father's.

The petitions for review are **denied**. It is so ordered.