# United States Court of Appeals
## For the First Circuit

No. 07-1223

MOM PHAL and SOEUN NOU,

Petitioners,

v.

MICHAEL B. MUKASEY,[*]
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
John R. Gibson,[**] Senior Circuit Judge,
and Lipez, Circuit Judge.

Joseph A. MacDonald, on brief for petitioners.
Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, Peter D. Keisler, Assistant Attorney General, Civil Division, and Jeffrey J. Bernstein, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

April 18, 2008

[*]  Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto R. Gonzáles as respondent.

[**]  Of the Eighth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**. Mom Phal and her husband, Soeun Nou, are citizens of Cambodia. The Board of Immigration Appeals ("BIA") affirmed the decision of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After careful consideration, we conclude that substantial evidence supports the BIA's determination that Phal lacked credibility and that she had failed to demonstrate a reasonable fear of future persecution.[1] We therefore deny the petition for review.

## I.  Background

On April 24, 2000, Phal entered the United States on a nonimmigrant visa; Nou arrived several months later. Within a year of Phal's entry, the couple filed an application for asylum and withholding of removal and also sought protection under the CAT, alleging persecution based on political opinion. On June 3, 2003, the Immigration and Naturalization Service issued a Notice to Appear, charging that Phal and Nou had remained in the United States longer than permitted. They admitted to the allegations and conceded removability. Phal and Nou, with counsel, appeared and testified before the IJ on March 2, 2005, seeking relief for

---

[1] Phal was the lead applicant for relief and the majority of the IJ's decision is based on her testimony. Although both Phal and Nou filed separate asylum applications, the contents of the application were identical. Given that the majority of the IJ's decision was based on Phal's testimony, we will treat the collective claims by focusing on Phal. See Settenda v. Ashcroft, 377 F.3d 89, 92 n.2 (1st Cir. 2004).

-2-

political persecution based on their activism as members of the Sam Rainsy Party ("SRP").

On September 19, 2004, the IJ denied the petitioners' applications for asylum. The IJ found that Phal was not credible, citing to a number of discrepancies between her oral testimony and written application, inconsistencies within her testimony, and discrepancies regarding her documentary evidence. Given the lack of credibility, the IJ concluded that Phal had not established eligibility for asylum. The IJ also concluded that even if she had testified credibly, she had failed to demonstrate a well-founded fear of future persecution because she remained in Cambodia campaigning for the SRP until April 2000, nearly two years after her alleged arrest and detention in 1998, without any problems or incidents. Moreover, the IJ noted that she was able to leave Cambodia with her own passport in her own name and had no apparent difficulties with the Cambodian authorities. The IJ also rejected the petitioners' claims for withholding of removal and found them ineligible for CAT protection because Phal failed to present credible evidence that she was tortured in the past or would face torture in the future if she were to return to Cambodia.

The petitioners appealed the IJ's decision. In a per curiam order, the BIA adopted and affirmed the IJ's decision that Phal had failed to present a credible claim of persecution. The BIA found that the IJ's conclusions were not erroneous and that the

various discrepancies and inconsistencies identified by the IJ were central to their claims of persecution. The BIA was unpersuaded by the contentions that the inconsistences were minor: "Many of the inconsistencies cited by the Immigration Judge are significant and . . . [the] documentation submitted to establish the respondents' political activities does not accurately identify them." The BIA also agreed with the IJ's determination that Phal had failed to establish a well-founded fear of future persecution, given the evidence that she had remained living in Cambodia without incident for nearly two years after their alleged arrests. The BIA, thus, dismissed the appeal.

## II. Discussion

The petitioners make two claims in their petition for review. First, they argue that the IJ erred in making her adverse credibility finding. Second, they assert that relief should be granted because the record demonstrates that Phal sustained past persecution and that she has a well-founded fear of future persecution. The BIA rejected both of these arguments; we agree.

### A. Adverse Credibility

In its per curiam order, the BIA adopted and affirmed the IJ's adverse credibility finding and took the opportunity to discuss some of the grounds identified by the IJ. We review both opinions. See Lin v. Gonzáles, 503 F.3d 4, 6-7 (1st Cir. 2007) ("Where, as here, 'the BIA adopted and affirmed the IJ's ruling,

-4-

but also discussed some of the other bases for the IJ's opinion, we review both the IJ's and the BIA's opinions.'" (quoting Zheng v. Gonzáles, 475 F.3d 30, 33 (1st Cir. 2007))).

We review credibility determinations under the substantial evidence standard; we overturn the agency's findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Stroni v. Gonzáles, 454 F.3d 82, 87 (1st Cir. 2006). We give "great deference to an IJ's [credibility] determinations so long as the IJ provide[d] specific reasons for those determinations." Dhima v. Gonzáles, 416 F.3d 92, 95 (1st Cir. 2005). Such deference is demanded where:

> (1) the discrepancies and omissions described by the IJ are actually present in the record; (2) those discrepancies and omissions provide specific and cogent reasons to conclude that the petitioners provided incredible testimony regarding facts central to the merits of the asylum claim; and (3) petitioners do not provide a convincing explanation for the discrepancies and omissions.

Zeru v. Gonzáles, 503 F.3d 59, 69-70 (1st Cir. 2007).

The BIA and IJ identified several concerns regarding Phal's testimony, namely: (1) inconsistencies regarding the attacks against her in May 1993, July 1997, and April 1998; (2) a discrepancy between her testimony and her written application regarding the date on which she joined the SRP; and (3) questions of authenticity surrounding certain letters from party leader Sam

-5-

Rainsy.[2]  After reviewing those grounds, we conclude that the BIA's affirmance is sustained under our deferential standard of review. We briefly address the inconsistencies and discrepancies discussed by the IJ and BIA.

The IJ discussed Phal's testimony regarding three different alleged attacks against her as a result of her political opinions, noting inconsistencies within her testimony.  First, she testified that three Hun Sen soldiers hit her in May 1993, but on cross-examination stated that the attack involved only two soldiers.  Second, with respect to the July 1997 attack during the post-election demonstration, she first denied being attacked, but then said that Hun Sen soldiers had shot at the group, although not at her directly.  Third, regarding the April 1998 attack, Phal testified that two men on a motorcycle fired bullets into her home and yelled, "[T]his is a gift for your new year," but she had attested in her affidavit that only one individual had fired at her home.

Phal asserts that the IJ makes too much of minor inconsistencies and urges us to treat them as honest mistakes.  She

_____

[2]  The IJ also makes much of the fact that Phal was unable to identify the names of leaders within the Women's Movement in the SRP.  Phal argues that the IJ erred in considering her lack of knowledge.  The BIA did not rely on the fact that Phal did not know those leaders because she did not testify that she was ever involved in the Women's Movement.  We agree and in reviewing this petition, we do not consider it among the various inconsistencies identified by the IJ.

explains that the inconsistencies regarding the number of attackers and whether she herself was attacked when soldiers fired into a group of people are reasonable mistakes that the IJ should not have weighed so heavily. While these inconsistencies are "perhaps minor in isolation," when taken together with the other concerns discussed by the IJ, they raise questions regarding Phal's claims of political persecution and "add to a reasonable inference of lack of candor." Lumaj v. Gonzáles, 446 F.3d 194, 199 (1st Cir. 2006).

Furthermore, there are other, more concerning inconsistencies between Phal's testimony and her asylum application. The IJ and the BIA both noted that in her written application, she stated that she had begun working actively with the SRP in December 1997 and suffered persecution by the Hun Sen as a result of her activism. Specifically, Phal wrote that she had received a threatening letter in March 1998 which told her to "stop helping the Sam Rainsy or you will disappear." Yet, during her removal hearing, she testified that she did not join the SRP until March 1998 and made no mention of the threatening letter. The discrepancy between the date on which she became active within the SRP and when she allegedly received threats is central to her claim of political persecution; Phal's vague response was not a persuasive explanation for the inconsistency.[3] We have

---

[3] Phal testified that in March 1998 she changed political parties from the FUNCIPEC Party to the SRP. Thus, her explanation that Sam Rainsy was the head of the Khmer National Party in 1997 and the

specifically noted that inconsistencies between statements in an asylum application and testimony during the asylum proceedings provide substantial evidence to support an adverse credibility determination. See Melhem v. Gonzáles, 500 F.3d 78, 81 (1st Cir. 2007).

The IJ and the BIA also determined that the documentary evidence produced by Phal raised questions about her candor and credibility. One letter, purporting to be from Sam Rainsy and sent from Lowell, Massachusetts, was submitted as evidence that Phal and her husband were members of the SRP. The letter, however, had the incorrect date of birth for both Phal and her husband and incorrectly identified Phal as a male. The letter is the only evidence provided to corroborate the testimony that Phal was a member of the SRP in Cambodia during the time period at issue. Furthermore, the letter is one of two letters purportedly signed by Sam Rainsy on the same day despite the fact that they originated from two vastly different locations: Lowell, Massachusetts and Phnom Phen, Cambodia.

Upon questioning by the IJ about these letters, Phal provided confusing and inconsistent answers which the IJ deemed suspicious given that the hearing was less than three weeks after the issuance of the letters. The IJ also expressed concern

name switched to the SRP in 1998 is insufficient to explain this inconsistency within Phal's testimony. At no time did she testify that she had been involved with the Khmer National Party.

regarding the authenticity of one of the letters because Phal's name was written in a different style and color than the other names on the list.[4]  Additionally, the donor letter also mentioned the name of a woman (Meas Ponnary) who allegedly collected the donations and sent them to the SRP.  At the hearing, Phal testified that she did not recognize the woman's name.  She then identified (incorrectly) the woman as the president of the SRP in Lowell, Massachusetts, but then later testified that the president of the SRP in Lowell was a man whose name she could not recall.

The IJ and the BIA concluded that these inconsistencies were central to Phal's asylum claim which is predicated on her involvement and membership in the SRP.  Upon review, we conclude that those inconsistencies are clearly present in the record, lack persuasive explanation, and support the IJ's adverse credibility determination.  While the evidence of inconsistency is not tremendous, we conclude that the IJ's identified grounds for disbelieving Phal's testimony are supported by substantial evidence and the record does not compel a contrary finding.  Stroni, 454 F.3d at 87.

B.  Persecution

An asylum applicant bears the burden of establishing that she suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership

_____

[4]  The letter listed several names as donors to the SRP.

in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); Journal v. Keisler, 507 F.3d 9, 12 (1st Cir. 2007). In this case, the petitioners allege persecution on account of political opinion. To constitute past persecution, the conduct must extend beyond "unpleasantness, harassment, and even basic suffering." Topalli v. Gonzáles, 417 F.3d 128, 133 (1st Cir. 2005) (quoting Nelson v. I.N.S., 232 F.3d 258, 263 (1st Cir. 2000)) (internal quotation marks omitted). A sufficient showing of past persecution entitles an applicant to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). Absent that presumption, a petitioner must demonstrate that her fear is both genuine and reasonably objective. Toloza-Jiménez v. Gonzáles, 457 F.3d 155, 161 (1st Cir. 2006).

The BIA agreed with the IJ's conclusion that regardless of whether Phal had testified credibly, she failed to establish a well-founded fear of future persecution. We agree. Both the BIA and the IJ noted that Phal remained living in Cambodia without incident for two years after their alleged arrests and attacks in 1998. Phal testified that during that two-year time span, she continued to work on behalf of the SRP without incident. The ability to live and remain politically active in the country for two years without incident weakens her alleged fear of future persecution. See Ravindran v. I.N.S., 976 F.2d 754, 760 (1st Cir. 1992) (finding evidence that petitioner remained in the country for

-10-

a year following alleged persecution undercut claim of future persecution); see also López v. Gonzáles, 192 Fed. Appx. 19, 22 (1st Cir. 2006). Furthermore, Phal and her husband were able to leave the country in 2000 with government-issued passports, which is another fact weighing against the reasonableness of her fear. See Kheireddine v. Gonzáles, 427 F.3d 80, 87 (1st Cir. 2005) (petitioners' ability to obtain passports in their own names "undercuts their claim of persecution"). Thus, we conclude that substantial evidence supports the BIA's conclusion that Phal failed to demonstrate a reasonable fear of future persecution.

Unable to satisfy the burden of proof for asylum, Phal necessarily fails to demonstrate eligibility for withholding of removal because "such a grant requires a stronger showing than the showing requisite to a grant of asylum." Simo v. Gonzáles, 445 F.3d 7, 12 (1st Cir. 2006).[5]

### III.  Conclusion

For the foregoing reasons, the petition for review is denied.

**Denied**.

---

[5]  Phal does not meaningfully address her CAT claim in her brief and, therefore, we consider the issue to be waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").