**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1717

ANDRI FNU,
Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,
Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD
OF IMMIGRATION APPEALS

Before

Boudin and Dyk,[*] Circuit Judges,
and Dominguez,[**]** District Judge.

William A. Hahn with whom Hahn & Matkov was on brief for
petitioner.
Jeffrey S. Bucholtz, Acting Assistant General, Civil Division,
James E. Grimes, Senior Litigation Counsel, and Thankful T.
Vanderstar, Trial Attorney, Office of Immigration Litigation, Civil
Division, on brief for respondent.

December 16, 2008

---

[*]Of the Federal Circuit, sitting by designation.

[**]Of the District of Puerto Rico, sitting by designation.

**Dominguez**, **District Judge**.  Andri Fnu, hereinafter referred to as "Andri and/or Petitioner," a native and citizen of Indonesia, seeks judicial review of a decision of the Board of Immigration Appeals ("BIA") denying his requests for asylum, withholding of removal and  protection under the United Nations Convention Against Torture ("CAT").  Andri contends that the BIA erred (1) in determining that the Petitioner did not establish harm rising to the level of persecution, (2) by failing to properly take into consideration the country conditions of record, and (3) by failing to take into account the totality of the circumstances for purposes of both past persecution and well founded fear of future persecution.  For the reasons stated below, we dismiss the petition.

## I.   BACKGROUND

Andri arrived in the United States on a visa which he admitted was fraudulently obtained, misrepresenting himself as a Boy Scout organizer.  He was admitted on January 16, 2001, with permission to remain in the United States for three months until April 15, 2001.  Andri filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), which was received by the Immigration and Naturalization Service on July 10, 2002.

Petitioner was interviewed on September 19, 2003 in connection with his application and was referred to removal

proceedings after his interview via a Notice to Appear dated September 25, 2003. Andri was charged with being removable from the United States, pursuant to INA §237(a)(1)(B), 8 U.S.C. §1227(a)(1)(B), as an alien who overstayed in the United States longer than permitted.

Represented by counsel, Andri appeared before an immigration judge ("IJ") for a hearing on January 8, 2004. Petitioner admitted the allegations in the Notice to Appear and conceded the charge of removability. A second hearing was held on September 21, 2005, wherein Andri presented evidence and testimony in support of his asylum application.

In support of his application, Andri testified before the IJ that he was bullied as a child in school and in his neighborhood for being of Chinese ethnicity. In 1990 Petitioner and his family moved within Indonesia from Jakarta to Solo. Nevertheless, in 1995 Andri moved back to Jakarta in order to administer a bakery business which he owned. Petitioner testified that approximately in 1993, a group of people presumed to be Muslims by Petitioner, went to his father's pig farm and killed almost half of his family's livestock, at the time being about 200 pigs. Nevertheless, Andri admitted that he learned about the incident through his father as he was not living at home when the incident occurred. Furthermore, Petitioner testified that on May 13, 1998, while he was running his own bakery business, a group of about

-3-

fifteen people, who Andri alleged were of Muslim extraction, stopped him and coerced him to show his national ID card which identified his religion. After that they made him undress and proceeded to turn over his car. Petitioner stated that, fearing for his life, he had to walk six miles back to his house, without wearing any clothes. He stated that after that incident he was emotionally stressed for weeks, and that he was unable to eat or sleep.

Petitioner further provided testimony relating to an incident that occurred on a particular Friday night in February of 1999. He stated that during a home prayer at an evangelical neighbor's house, Muslims heaved rocks at the house and expressed that if the occupants did not cease the praying, the house would be torched.

Andri also testified about an incident that occurred the night before Christmas in the year 2000. He alleged that while in church, he heard a large explosion outside; he then saw that cars were being overturned in the parking lot. Andri further stated that he later observed in the news that other churches had been bombed around that same time.

After the hearing had ended, the IJ issued an oral decision denying all three of petitioner's claims. The IJ specifically concluded that Andri had failed to file his asylum application within one (1) year of his arrival in the United States

and had failed to establish extraordinary or changed circumstances excusing the untimeliness of his application. In the alternative, the IJ concluded that even if Petitioner's application had been timely filed, Andri had failed to establish eligibility for asylum. Furthermore, the IJ concluded that Petitioner had also failed to establish eligibility for withholding of removal or protection under CAT. Nevertheless, the IJ granted Petitioner's application for voluntary departure.

Andri filed a timely appeal before the BIA; on April 9, 2007 the Board dismissed Andri's appeal. The BIA agreed with the IJ's determination. Petitioner was ruled ineligible for asylum since he failed to file an asylum application within the one (1) year filing deadline and failed to establish any changed circumstances affecting his eligibility or any extraordinary circumstances that would justify the delay in filing his asylum application. The BIA further stated that Andri had failed to address this finding with any specificity on appeal. Furthermore, the BIA agreed with the IJ's alternative finding, turning to the merits of Andri's application for asylum, that even though Andri's testimony was credible, he failed to establish harm rising to the level of persecution. Moreover, the BIA found that the evidence of record demonstrated a change in country conditions sufficient to rebut a presumption of well-founded fear or clear probability of future persecution in Indonesia based on Andri's Chinese ethnicity

or Christian religion.  The BIA further concluded that the fact that Andri's family members had continued to reside in Indonesia unharmed, properly rebutted any claimed fear of future harm. Finally, the BIA stated that Petitioner failed to allege or identify error in the denial of protection pursuant to the CAT. Consequently, the BIA did not address said issue.  The BIA further ordered that pursuant to the IJ's determination and conditioned upon compliance with the conditions set forth by the IJ and the statute, Petitioner was permitted to voluntarily depart from the United States.

## II. ANALYSIS

### A. Standard of Review

The Court of appeals reviews BIA decisions under the "substantial evidence" standard based "on the record as whole", and "reverse[s] only if 'any reasonable adjudicator would be compelled to conclude to the contrary.'"  El-Labaki v. Mukasey, 544 F.3d 1, *4-*5 (1st Cir. 2008)(emphasis ours)(quoting 8 U.S.C. § 1252(b)(4)(B)).

> This standard requires us to uphold the agency's findings of fact, including credibility determinations, as long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elías-Zacarías, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); see also Long v. Gonzáles, 422 F.3d 37, 40 (1st Cir.2005).  We reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Chikkeur v. Mukasey, 514 F.3d 1381,

1382-83 (1st Cir. 2008).

Id.

Nevertheless, "[w]hen the BIA both adopts the decision of an immigration judge and adds a new ground for upholding the result, 'this court reviews the IJ's decision as though it were the BIA's to the extent of the adoption, and the BIA's decision as to the additional ground.'" Singh v. Mukasey, 543 F.3d 1, *4 (1st Cir. 2008) (emphasis ours) (quoting Berrio-Barrera v. Gonzales, 460 F.3d 163, 167 (1st Cir. 2006)).

## B. Asylum Claim

Pursuant to 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(2)(D), an application for asylum must be "filed within 1 year after the date of the alien's arrival in the United States", unless "the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified...". Nevertheless, this Court has no jurisdiction to review the "agency's determination regarding the timeliness of the asylum application or its application of the 'extraordinary circumstances' exception, unless the petitioner identifies a legal or constitutional defect in the decision." El-Labaki, 544 F.3d at *5 (quoting 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D)).

In the instant case it is uncontested that Petitioner failed to file his application for asylum within one (1) year of his arrival in the United States. Furthermore, the BIA, in agreement with the IJ stated that Andri had failed to establish any "changed circumstances" affecting his eligibility or any "extraordinary circumstances" that would warrant the delay in filing his asylum application. Moreover, not only did the BIA find that Andri had failed to address this issue with any specificity on appeal before the BIA, but we find that he also failed to raise the issue on appeal before this Court.

Petitioner also failed to raise any constitutional claims or questions of law. Consequently, we lack jurisdiction to review the BIA's "determination regarding the timeliness of the asylum application or its application of the 'extraordinary circumstances' exception." Id.; see also Hayek v. Gonzalez, 445 F.3d 501 , 506 (1st Cir. 2006); Ly v. Mukasey, 524 F.3d 126, 130 (1st Cir. 2008)("This court lacks jurisdiction to review a decision based on the timeliness of an asylum application. 8 U.S.C. § 1158(a)(3); Rotinsulu v. Mukasey, 515 F.3d 68, 71 (1st Cir.2008). The government's argument that the issue of asylum was waived is inapposite.").

Nevertheless, we deem it necessary to emphasize that Andri is not eligible for asylum because he failed to timely file his asylum application and failed since the very inception of the

case before the IJ, to establish any "changed circumstances" affecting his eligibility or any "extraordinary circumstances" that would excuse the delay in filing his asylum application. In other words, Andri is not ineligible for asylum because he failed to establish that he is a refugee within the meaning of INA, 8 U.S.C. §1101(a)(42); 8 C.F.R. §1208.13, he is ineligible because he failed to timely file his application and failed to establish any "changed circumstances" affecting his eligibility or any "extraordinary circumstances" that would justify the delay. Therefore, we find that the IJ's on the merits alternative analysis regarding Petitioner's failure to establish that he is a refugee within the meaning of INA, 8 U.S.C. §1101(a)(42); 8 C.F.R. §1208.13, was performed *arguendo,* and as such we have no jurisdiction to review the IJ's nor the BIA's determinations regarding said alternative finding. See El-Labaki, 544 F.3d at *5. Hence, all of Petitioner's arguments pertaining to said alternative analysis are inapposite.

Andri argues before this Court that the BIA committed clear error in ruling that the IJ had found that Petitioner did not establish harm rising to the level of persecution, since the IJ stated three times in her oral decision that Andri had suffered persecution. Consequently, Petitioner argues that since the IJ did make an explicit finding of past persecution, he is therefore presumed to have a well-founded fear of future persecution. Finally, Andri avers that the administrative agency failed to

properly take into consideration the country conditions of record, and failed to take into account the totality of the circumstances for purposes of both past persecution and well founded fear of future persecution.

After reviewing all of Petitioner's arguments, we find that these assertions all relate to the IJ's alternative analysis of his asylum claim, which as aforementioned, we lack jurisdiction to review. See El-Labaki, 544 F.3d at *5.

## C. Withholding of Removal and Convention Against Torture (CAT) Claims

As to a claim for withholding of removal, the same imposes "'a more stringent burden of proof on an alien than does a counterpart claim for asylum.' Withholding of removal requires that an alien establish a clear probability of persecution, rather than merely a well-founded fear of persecution."Ang v. Gonzalez, 430 F.3d 50, 58 (1st Cir. 2005)(internal citations omitted)(quoting Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005)); see also De Oliveira v. Mukasey, 520 F.3d 78, 79 (1st Cir. 2008) ("In order to qualify for withholding of removal, [Petitioner] would need to prove that it is more likely than not that he will face persecution should he return to [Indonesia].") (emphasis ours)( citing INS v. Aguirre-Aguirre, 526 U.S. 415, 419, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999)); Journal v. Keisler, 507 F.3d 9, 13 (1st Cir. 2007). "This showing can be made by proving past

-10-

persecution, which raises a rebuttable presumption of the likelihood of future persecution."  De Oliveira, 520 F.3d at 79.

"An applicant for protection under Article III of CAT must prove that it is more likely than not that he or she will be tortured if removed to the country designated for removal." El-Labaki, 544 F.3d at *7 (quoting 8 C.F.R. §§ 1208.16-1208.18) .

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. § 1208.18(a)(1). The possibility of internal relocation is relevant in determining whether the applicant has shown that he is likely to be tortured if removed. Id. § 1208.16(c)(3)(ii).

Tendean v. Gonzales, 503 F.3d 8, 12 (1st Cir. 2007).  "Such torture must be inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity."  El-Labaki, 544 F.3d at *7.

Although Andri applied for withholding of removal and protection under the Convention Against Torture, he "devoted his appellate brief exclusively to his asylum claim and has failed to develop any argument supporting either his claim for withholding of removal or his claim for protection under CAT.  Consequently, we deem those claims abandoned." Nikijuluw v. Gonzales, 427 F.3d 115, 120 FN. 3 (1st Cir. 2005).  Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed

-11-

argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1ˢᵗ Cir.1990); see also Bonilla v. Mukasey, 539 F.3d 72, 75 FN 1(1ˢᵗ Cir. 2008)(citing Ramallo Bros. Printing, Inc., v. El Dia, Inc., 490 F.3d 86, 90 (1ˢᵗ Cir. 2007); Bebri v. Mukasey, ___ F. 3d ___, 2008 WL 4603452 (1ˢᵗ Cir. 2008);  Makhoul v. Ashcroft, 387 F.3d 75, 82 (1ˢᵗ Cir. 2004).  Moreover, Petitioner also failed to allege or identify any error in the denial of his CAT claim before the BIA.  Therefore, not only has he waived said claim, but we lack jurisdiction to consider it.  See  Bollanos v. Gonzalez, 461 F.3d 82, 87 (1ˢᵗ Cir. 2006)(citing Makhoul v. Ashcroft, 387 F.3d 75, 82 (1ˢᵗ Cir. 2004).

For the foregoing reasons, the petition for judicial review is dismissed.