[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14398
Non-Argument Calendar

_____

Agency Nos. A98-736-254
A98-736-255

HENRY LEONEL FONTES MARTINEZ,
ANA LUISA RODRIGUEZ DE FONTES,
ANA VIRGINIA FONTES RODRIGUEZ,
ANA CRISTINIA FONTES RODRIGUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 27, 2009)

Before TJOFLAT,  MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners are natives and citizens of Venezuela. Petitioner Henry Leonel Fontes Martinez ("Martinez") entered the United States in November 1994 as a nonimmigrant visitor with permission to remain until May 1995. Petitioner Ana Luisa Rodriguez De Fontes ("Rodriguez"), his wife, and their two children, Ana Virginia Fontes Rodriguez ("Virginia"), and Ana Cristinia Fontes Rodriguez ("Cristinia"),[1] entered the United States in June 1996 as nonimmigrant visitors with permission to remain until December 1996. Petitioners failed to leave the United States before their grants of permission expired, so on May 16, 2005, the Department of Homeland Security ("DHS") issued notices to appear, charging them with removability pursuant to Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as aliens who remained in the United States for a time longer than permitted.

Petitioners appeared with counsel before an Immigration Judge ("IJ") for a master calendar hearing in June 1, 2005. After they conceded removability, Martinez requested relief from removal in the forms of asylum, withholding of removal, and protection under the Convention Against Torture.[2] Rodriguez made

---

[1] At the time, Cristinia was four years of age and Virginia was five.

[2] Martinez claimed persecution on account of his political opinion as the basis for requesting relief. He related that President Hugo Chavez, who had recently been elected, was "prosecuting" those who had opposed him. Martinez said that he and his immediate and extended families had opposed Chavez; consequently, if he, Rodriguez and their children returned to Venezuela, they would face a substantial risk of persecution at the hands of the Chavez government. Martinez claimed that his parents had received verbal and physical threats, that several other family members

2

the same request for herself, Virginia, and Cristinia.[3]  (Martinez and Rodriguez

have a third daughter, Ana Carina, who was born in the United States and thus not

subject to a notice to appear.)  Martinez also sought cancellation of removal under

IN § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).[4]

The IJ held a merits hearing on February 5, 2007.  Shortly after the hearing

convened, Martinez withdrew his application for asylum, withholding of removal

and CAT relief, and proceeded with his application for cancellation of removal.

He testified that none of his daughters spoke Spanish, that it would be a hardship

for them to live in Venezuela due to the political unrest there and the lack of good

had been kidnaped due to their political activity, and that he feared for his family's safety.

[3]  Rodriguez, Virginia, and Cristinia are derivative beneficiaries of Martinez's application for asylum.

[4]  Section 1229b(b)(1) states, in pertinent part:

(b) Cancellation of removal and adjustment of status for certain nonpermanent residents
    (1) In general, the Attorney General may cancel removal of and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deformable from the United States if the alien --
    (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
    (B) has been a person of good moral character during such period;
    (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
    (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

Martinez sought cancellation of removal based on the presence of his and Rodriguez's daughter, Ana Carina, who born in and thus a citizen of the United States.  Rodriguez also filed an application for cancellation of removal, but abandoned the application because she was ineligible for such relief; she could not comply with § (b)(1)(A).

3

schools, and that Ana Carina's education, in particular would, suffer.[5]

After Martinez rested his case for cancellation of removal, the Rodriguez proceeded with her derivative case for asylum, withholding of removal and CAT relief. She testified at length concerning the political situation in Venezuela. She related that her and Martinez's parents, along with other relatives, parents were active in the Democratic Action party,[6] which opposed Chavez, and she explained why she feared returning to Venezuela.

At the conclusion of the February 5 hearing, the IJ denied Martinez's application for cancellation of removal, concluding that Martinez failed to demonstrate that his removal to Venezuela would result in an exceptional and extremely unusual hardship to any of his daughters. Regarding Ana Carina, the IJ found that she would not experience an exceptional and extremely unusual hardship as a result of Martinez's removal from the United States. The judge therefore denied Martinez's application for cancellation of removal.

The IJ denied Rodriguez's application for asylum as time-barred.[7] He

---

[5] Martinez said that if removed to Venezuela, he and Rodriguez would take their daughters with them.

[6] In his asylum application, Martinez made no mention of a connection with the Democratic Action party. When asked why, during his asylum interview, Martinez did not indicate that he was a member of any political group in Venezuela, Rodriguez responded that they "participated with [the party] but there was not a connection with a particular position within the party."

[7] The IJ assumed that Rodriguez's application had been properly filed along with Martinez's application. He held that Rodriguez was not entitled to relief from the time-bar because she had not

4

denied her applications for withholding of removal and CAT relief because the testimony – on which she based her claim of a well-founded fear of future persecution at the hands of the Chavez government – was not credible. Assuming, however, that such testimony was credible, the judge held that she failed to establish a well-founded fear of future persecution. Having reached the foregoing decisions, the IJ ordered petitioners removed to Venezuela and granted them a voluntary departure period of sixty days.

Petitioners appealed the IJ's decisions to the Board of Immigration Appeals ("BIA" or "Board"). Martinez argued that he had established the bases for asylum, withholding of removal and CAT relief, notwithstanding that he had previously withdrawn his request for such relief. Martinez moved the BIA to remand his case to the IJ for further proceedings on his motion for cancellation.[8] Rodriguez, in her appeal, argued that the IJ erred in finding her application for asylum time-barred and in concluding that she failed to make out a case for withholding or CAT relief.

The BIA dismissed petitioners' appeals. It held that Martinez had withdrawn his asylum, withholding of removal, or CAT claims at the February 5, 2007 hearing; hence, the claims were not pending before the Board. The BIA

---

shown any extraordinary circumstances that would excuse the late filing.

[8] Attached to his motion were news articles depicting the Chavez government's new education policy. Martinez argued that the articles showed that his daughters, especially Ana Carina, would suffer extreme hardship if schooled under such policy.

5

found no merit in his argument that the IJ properly denied his application for cancellation of removal, and, as for his motion for remand, which Rodriguez joined, the BIA said this, in denying the motion:

> [Petitioners] argue . . . that the Venezuelan government's interference in the school system amounts to persecution of their minor children, who will attend these schools upon a return to Venezuela. . . . There is no evidence in the record that the imposition of this political agenda in the country's schools would amount to persecution, which has been described as 'extreme' harm. We also deny this motion to the extent [petitioners] argue that the imposition of the . . . political agenda in the Venezuelan schools would rise to the level of exceptional and extremely unusual hardship as to their United States citizen child.

The BIA dismissed Rodriguez's appeal, agreeing with the IJ that her application for asylum was time-barred; she had not carried her burden of proving eligibility for withholding of removal; and there was no basis in the evidence warranting CAT relief.

Petitioners now seek review of the BIA's decisions. In their brief, they contend that the BIA (1) erred in denying their applications for asylum, withholding of removal, and CAT relief; (2) erred in denying Martinez's motion to remand the removal proceedings to the IJ; and (3) erred in denying Rodriguez's claim for CAT relief.

I.

We lack jurisdiction to consider a claim presented in a petition for review unless the petitioner has exhausted his administrative remedies with respect to that

claim.  Amaya- Artunduaga v. U.S. Att'y. Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  In the context of this case, exhaustion requires that the claim has been presented to the BIA.  Martinez failed to exhaust his administrative remedies by withdrawing his applications for asylum, withholding of removal, and CAT relief. We therefore lack jurisdiction to consider the merits of those applications.

We lack jurisdiction to review a BIA's decision, which is a discretionary call, that an alien who had applied for cancellation of removal failed to show the requisite "extraordinary and extremely unusual hardship" to the alien's United States-citizen child.  8 U.S.C. § 1252(a)(2)(B)(i); Martinez v. U.S. Att'y Gen., 446 F.3d 1219 (11th Cir. 2006).  Thus, even if Martinez had sought review here of the denial of his application for cancellation of removal, we are precluded from reviewing the denial.

We also lack jurisdiction to review the BIA's determination that an asylum application is time-barred.  8 U.S.C. § 1158(a)(3); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).  The applications of Rodriguez, Virginia, and Cristinia were based on Martinez's application; they were derivative beneficiaries thereof.  These applications, like Martinez's, were time-barred; hence, as in Martinez's case, we lack jurisdiction to consider them.

Finally, there are no derivative benefits associated with a grant of withholding of removal because, unlike the asylum statute, the withholding statute

7

contains no mention of derivative rights.  Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007).  The CAT regulation likewise contains no mention of derivative rights; it limits the applicant and seemingly forecloses a derivative claim.  8 C.F.R. § 208.16(c)(2), (4); see also Oforji v. Ashcroft, 354 F.3d 609, 615 (7th Cir. 2003) (holding that CAT relief does not provide derivative benefits); Cf. Delgado, 487 F.3d at 862.  Accordingly, because Virginia and Cristinia have no derivative benefits to withholding of removal or CAT relief, only their mother, Rodriguez, can petition this court for review of her application for withholding of removal and CAT relief.  Before proceeding to Rodriguez's application, however, we consider Martinez's appeal of the BIA's denial of his motion to remand.

## II.

The substance of a motion to remand determines how we review it on appeal.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001).  We treat a motion to remand as part of the petitioner's appeal to the BIA if it merely reflects the desired remedy.  Id.  On the other hand, when a motion to remand seeks, as here, to introduce evidence not previously presented, the motion is generally treated as a motion to reopen under 8 C.F.R. § 1003.2(c).  Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).  We review the BIA's denial of a motion to reopen for an abuse of discretion regardless of the underlying basis of the alien's request for relief.  Al Najjar, 257 F.3d at 1302. (emphasis added).

8

Moreover, 8 U.S.C. § 1252(a)(1) gives us the implicit jurisdiction to review an order denying a motion to reopen. Ali v. U.S. Att'y Gen., 443 F.3d 804, 809 n.2 (11th Cir. 2006).

Preliminarily, although not expressly addressed by the BIA or the Attorney General in his brief on appeal, Martinez's motion to remand was in the nature of a motion to reopen because he requested additional proceedings to present new evidence regarding his eligibility for cancellation of removal and the eligibility of Rodriguez, Virginia, and Cristinia for asylum and similar relief. Assa'ad, 332 F.3d at 1341. Consequently, contrary to the Attorney General's position, we have jurisdiction to review the BIA's denial of Martinez's motion to remand, to the extent it is treated as a motion to reopen. Ali, 443 F.3d at 809 n.2.

The "Attorney General has 'broad discretion' to grant or deny such motions." Al Najjar, 257 F.3d at 1301. A motion to reopen may be granted if the alien presents new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3). The movant has the "heavy burden" of presenting evidence which would likely change the result in the case. Ali, 443 F.3d at 813.

There is nothing in the record here that could lead us to hold that the BIA abused its discretion in denying Martinez's motion to remand. The Board's finding that the new evidence – including four news articles – did not show a prima

9

facie case for relief was neither arbitrary nor capricious because similar evidence was previously submitted and deemed not to present an exceptional or extremely unusual hardship as to Ana Carina.

Virginia and Cristinia have no free-standing applications for asylum, withholding of removal, or CAT relief pending; hence, the new evidence has no bearing on them. Lastly, as to Rodriguez, the new evidence did not establish any prima facie eligibility for relief because it does not apply to her. We turn now to Rodriguez's claim for CAT relief.

## III.

Unlike the discretionary authority to grant asylum, the Attorney General is required to grant withholding of removal to an alien who establishes that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003); see also IN § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien bears the burden of demonstrating that she more-likely-than-not would be persecuted or tortured upon returning to the country in question. Mendoza, 327 F.3d at 1287. Evidence of past persecution on account of a protected ground creates a presumption that her life or freedom would be threatened upon return to his country, but this presumption may be rebutted if country conditions have fundamentally changed or the person could safely relocate within the country. 8

10

C.F.R. § 208.16(b)(1)(I).

If, however, the alien does not establish past persecution, she bears the burden of showing that it is more likely than not that (1) she would be persecuted in the future on account of one of the five enumerated grounds for asylum; and (2) she could not avoid this future threat to her life or freedom by relocating, if under all the circumstances it would be reasonable to expect relocation. See 8 C.F.R. § 208.16(b)(2); see also Mendoza, 327 F.3d at 1287.

Although the term is not defined by the INA, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). "Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).

To be entitled to relief under the CAT, an applicant must establish that it is more likely than not that she would be tortured at the instigation of or with the consent or acquiescence of the government. 8 C.F.R. § 208.16(c)(2).

Our review of the record convinces us that the decision denying Rodriguez CAT relief is supported by substantial evidence. As the IJ and the Board properly concluded, Rodriguez failed to establish past persecution, as she was not the victim of any threats or violence and that she failed to establish a clear probability that she

would be subjected to future persecution, as other family members have escaped harm in Venezuela. Rodriguez was never tortured or harmed by the Venezuelan government, and she provided no evidence indicating that she would be tortured if returned to Venezuela.

For the foregoing reasons, the petition for review is

**DENIED**.