# United States Court of Appeals
## For the First Circuit

No. 08-2278

MARY WANGUI WARUI,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Carlos E. Estrada, on brief for petitioner.
Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, Tony West, Assistant Attorney General, Civil Division, and Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, on brief for the respondent.

August 18, 2009

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent.

**LYNCH**, **Chief Judge**.  Mary Wangui Warui, of Kenya, petitions for review of the Board of Immigration Appeals ("BIA") denial of her motion to reopen.  The BIA denied her motion to reopen and remand her case for further consideration of her claims for withholding of removal and protection under the Convention Against Torture ("CAT").  We deny the petition in part and dismiss it in part.

                                I.

Warui entered the United States from Kenya on November 30, 2001 as a visitor, authorized to remain in the country until May 29, 2002.  She overstayed.  On October 14, 2004, the Department of Homeland Security filed a Notice to Appear ("NTA") in Immigration Court, initiating removal proceedings against Warui.

Her husband, Leonard Karioki, also a native and citizen of Kenya, entered the United States on April 6, 2004 and overstayed his visa.  He was placed in separate removal proceedings around the same time as Warui.  On January 7, 2005, Warui sought to consolidate her case with that of her husband, admitting certain allegations in the NTA and conceding removability.  The cases were subsequently consolidated.

On March 10, 2005, Karioki applied for asylum, withholding of removal, and protection under the CAT.  As part of his application, he sought derivative asylum relief for Warui as his spouse.  Warui was ineligible for asylum in her own right

                               -2-

because she had not filed a timely application. Warui did not make independent claims for withholding of removal and CAT protection.

At a merits hearing held on May 8, 2006, Warui and Karioki both testified in support of their claims. In their testimony, they expressed fear that if they were removed to Kenya Warui would be forced to undergo female genital mutilation ("FGM") by a group called the Mungiki.

In his oral decision, the Immigration Judge ("IJ") first found that Karioki and Warui did not testify credibly, based on inconsistencies in their testimony. Even assuming the two had testified credibly, the IJ found Karioki's and Warui's testimony still insufficient to meet their burden for asylum for several reasons. First, the IJ found that Karioki and Warui had testified they had been harassed by the Mungiki for nearly thirty years but they had never been harmed, and so their fear of harm seemed "implausible." Second, the IJ found that they had failed to show that the harm they feared was at the hands of a group which the government was unable or unwilling to control, pointing to a State Department report showing that the Kenyan government had banned the Mungiki and were trying to enforce the law against them. Finally, the IJ found the fear of future persecution inconsistent with the fact that Karioki and Warui's sons, who remained in Kenya, were married and their wives had not been forced to undergo FGM.

The IJ denied their claim for asylum. He denied the withholding of removal and CAT claims because these claims carry a higher burden of proof than asylum and therefore Karioki and Warui could not prove it more likely than not that they would undergo persecution or torture if returned. The IJ granted voluntary departure to Warui but denied it to Karioki.

Karioki and Warui filed a timely appeal to the BIA. On May 28, 2008, the BIA denied them relief; it affirmed the IJ's determination with respect to lack of credibility and his alternate findings with respect to denial of asylum, withholding of removal, and protection under the CAT.

Warui did not file a petition for review with this court. Instead, she filed a motion to reopen with the BIA on June 25, 2008, seeking to apply individually for withholding of removal and protection under the CAT. In this motion, she informed the BIA that she and her husband were divorced and that Karioki had returned to Kenya.

On September 15, 2008, the BIA denied her motion. The BIA first held that Warui had failed to present any material new facts that could be proven in a new hearing or previously unavailable evidence. Second, the BIA pointed out that Warui had failed to challenge the IJ's adverse credibility finding with respect to both her and her husband. Based on this, the BIA could

not "conclude that any application for relief is now reasonably likely to succeed on the merits in order to warrant reopening."

## II.

In general, motions to reopen removal proceedings are not favored because "such motions are at odds with the compelling public interests in finality and the expeditious processing of proceedings." Beltre-Veloz v. Mukasey, 533 F.3d 7, 9 (1st Cir. 2008) (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007)). We review denials by the BIA of motions to reopen for abuse of discretion.[1] Kechichian v. Mukasey, 535 F.3d 15, 22 (1st Cir. 2008). A decision by the BIA will survive review unless a petitioner can show that it "committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way." Id. (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007)).

A motion to reopen may only be granted if it states "new facts that will be proven at a hearing to be held if the motion is granted." 8 C.F.R. § 1003.2(c)(1). Such a motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. In addition, "[a] motion to reopen must be denied unless petitioners' new

---

[1] The parties have not argued that this court lacks jurisdiction to consider the petition, cf. Oliveira v. Holder, 568 F.3d 275, 277 n.4 (1st Cir. 2009), and we assume that we do have jurisdiction.

evidence establishes a prima facie case for the underlying substantive relief." Chikkeur v. Mukasey, 514 F.3d 1381, 1383 (1st Cir. 2008).

Warui's motion to reopen requested an opportunity to present her own claims for withholding of removal and protection under CAT. It is not entirely clear from her briefs or from the BIA's and IJ's opinions whether her derivative asylum application purported to include "derivative" claims for withholding of removal and protection under CAT. Unlike the statute governing asylum applications, 8 U.S.C. § 1158, the statutes and regulations covering withholding of removal and the CAT do not contain provisions for derivative claims, 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b), (c). This circuit has explicitly held that derivative claims cannot be made for withholding of removal, Kechichian, 535 F.3d at 22 n.4, and other circuits have held the same with respect to the CAT, see, e.g., Martinez v. U.S. Att'y Gen., No. 08-14398, 2009 WL 1109294, *3 (11th Cir. Apr. 27, 2009); Oforji v. Ashcroft, 354 F.3d 609, 615 (7th Cir. 2003). We assume in her favor that Warui has only made a derivative claim for asylum and that withholding of removal and protection under CAT are the new claims she seeks to submit through a motion to reopen. Even so, we find that the BIA did not abuse its discretion in denying the motion to reopen to let her present those claims on her own behalf.

As the BIA noted, Warui's motion did not state any new facts material to her claims and it was not supported by any previously unavailable evidence. Her motion stated as "new facts" that she and her husband had been divorced and that he had departed the United States, but she did not argue that this changed the material facts which had been presented in support of the original claims for relief. Rather, the motion simply requested the right to make her own application for withholding of removal and CAT protection -- a claim that would have been based on the same facts previously presented to the IJ. Given that the standard for withholding of removal places a higher burden on the applicant to prove past or future persecution, the BIA did not abuse its discretion in denying the motion to reopen the withholding of removal claim. Usman v. Holder, 566 F.3d 262, 268 (1st Cir. 2009). On those facts, she could not make a prima facie case for withholding of removal.

The same is true of Warui's CAT claim, which requires a finding that she will "more likely than not" experience torture if removed. 8 C.F.R. § 1208.16(c)(4). She does not claim to have already suffered torture. Since she could not meet the lower standard of showing a well-founded fear she would suffer harm if removed, the BIA did not abuse its discretion in finding that she did not present a prima facie case for relief under the CAT. Usman, 566 F.3d at 268.

In her brief here, Warui makes a different argument.  She argues that the BIA should reopen her case based on changed circumstances, specifically that her case was "in effect abandoned" because of her divorce and Karioki's departure.  Yet, as the BIA found, the material facts which underlie Warui's purported new claims for withholding of removal and protection under the CAT are the same as those which led to denial of asylum.  On this basis, the BIA's decision not to reopen was not an abuse of discretion.

Further, as the BIA pointed out, Warui's motion to reopen made no challenge to the credibility findings made against her by the IJ.  Warui now concedes that Karioki may not have testified credibly and argues that she should be given an opportunity to establish her own credibility.  Yet Warui availed herself of just such an opportunity in the original proceedings.  She testified at the May 8, 2006 merits hearing, and the IJ and BIA reached their credibility finding based on inconsistencies in her own testimony as well as those of her husband.

Warui argues to us that her case should be reopened because the law regarding withholding of removal and CAT relief in cases where a petitioner has been subjected to FGM has changed in light of the Attorney General's recent decision in Matter of A-T, 24 I & N Dec. 617 (A.G. 2008).[2]  The facts of Matter of A-T easily

---

[2]    The decision was issued after the BIA's September 15, 2008 denial of Warui's motion to reopen.  No party has argued that this issue should be remanded to the BIA, nor in this instance

-8-

distinguish it from this case.  That case addressed whether a woman's having undergone FGM could constitute past persecution for purposes of a withholding of removal claim.  Id.  Here, the petitioner has not undergone FGM and she was found not to have been persecuted on other grounds.  Thus Matter of A-T does not enable her to present a prima facie case for relief.

Warui's brief improperly attempts to challenge the findings of the BIA and the IJ regarding the original claims for withholding of removal and protection under the CAT.  A petition to review those findings was not timely filed after the BIA's May 28, 2008 order of removal became final.  8 U.S.C. § 1252(b)(1) (requiring that petitions for review be filed within thirty days of a final order of removal); Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004) ("A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order of deportation.").  We accordingly lack jurisdiction to consider them.

The petition for review of the denial of the motion to reopen is denied; the attempt to challenge the BIA's May 28, 2008 order is dismissed.

---

would a remand be appropriate.

-9-