[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14095
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

Agency Nos. A098-604-827,
A098-701-350

DOMINGO IADONISI,
ANTONETTA PICA,
GESSICA IADONISI,
CRISTIN IADONISI,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 30, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Domingo Iadonisi ("petitioner") is a native and citizen of Venezuela. He petitions this court for review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his applications for withholding of removal and relief under the United Nations Convention Against Torture ("CAT").[1]

In his decision, the IJ identified the standard for withholding of removal as a clear probability of persecution on a protected ground, noting that withholding had a "much more stringent" standard than asylum. The IJ did not pass on petitioner's credibility. The BIA stated that even if it deemed petitioner credible, he had "failed to sustain the high burden of proof applicable to withholding of removal." It found that (1) the record did not establish that the alleged persecution occurred on account of a protected ground, (2) it was not likely that petitioner would be subject to persecution upon return to Venezuela because the alleged events occurred nearly ten years ago, and (3) it was reasonable for him to relocate because the harm was not government sponsored.

I.

---

[1] Petitioner also applied for asylum for himself and Cristian Iadonisi, Gessica Iadonisi, and Antonetta Pica, derivative applicants. At the removal hearing, petitioner's attorney withdrew the application for asylum as untimely. The derivative applicants are not entitled to apply for withholding of removal, *Delgado v. U.S. Att'y Gen.,* 487 F.3d 855, 861-62 (11th Cir. 2007), or CAT relief, *Warui v. Holder*, 577 F.3d 55, 59 (1st Cir. 2009), the dual forms of relief petitioner seeks here. This petition for review is therefore denied as to them.

Petitioner asserts that 8 U.S.C. § 1231 requires the trier of fact to make a credibility determination, and that the BIA and IJ erred when they failed to determine his credibility. Without making a credibility finding, he argues, it was impossible for the IJ to determine if he had met his burden of proof because the IJ could not weigh his credible testimony against other evidence in the record. Petitioner also argues that the IJ and BIA violated his due process rights by not reaching a determination as to his credibility, and that he was prejudiced because had he been found credible, which he was, the outcome of his case would have been different.

We review our subject matter jurisdiction *de novo* and lack jurisdiction to consider claims not raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006). According to statute, the trier of fact in withholding of removal proceedings "shall make credibility determinations." 8 U.S.C. § 1231(b)(3)(C). "[However], if no adverse credibility determination is explicitly made, the applicant. . . shall have a rebuttable presumption of credibility on appeal." 8 U.S.C. § 1158(b)(1)(B)(iii). If the agency does not find the alien's testimony incredible, we take the testimony as true. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1254 n.2 (11th Cir. 2007).

We may lack jurisdiction to review petitioner's argument that the IJ needed to make an explicit credibility determination because it appears that he did not

3

present the argument to the BIA. Regardless, no error occurred because the statute permits the IJ to avoid making an explicit credibility determination, and while the BIA did not make an explicit credibility determination, it still deemed him credible. Furthermore, any error would be harmless because, in the absence of an adverse credibility finding, we accept his testimony as true.

## II.

Petitioner argues that the BIA erred by requiring that he demonstrate eligibility for withholding of removal based on a "very high burden" instead of the clear probability of persecution standard, which requires a greater than 50% chance of persecution. Moreover, in the absence of a credibility determination, he contends that he had a rebuttable presumption of credibility on appeal. Therefore, we must accept as true his testimony regarding: (1) his January 1999 beating by Chavez militants; (2) his February 1999 attempted shooting by followers of Chavez's group and the subsequent threatening phone call; (3) the October 1999 attempt by Chavez supporters to run his car off the road; and (4) the March 2000 phone call by Chavez followers threatening him with death after he was named Sectional Secretary of the Democratic Action Party for the State of Miranda.

Accepting his testimony as true, petitioner asserts, he established by clear and credible evidence that his life and freedom were in danger on account of his political opinion since the attacks and threats occurred due to his membership in

4

the Democratic Action Party. Therefore, he should have received withholding of removal. Petitioner also argues that even if he did not qualify for withholding of removal, he would qualify for CAT relief, since his testimony established that he sustained injuries and threats of future harm sufficient to show that he would be tortured by the government of Venezuela upon return.

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's decision here with the exception of the findings and conclusions it expressly adopted from the IJ's decision.

We review questions of law *de novo*. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350-51 (11th Cir. 2009). Factual findings are reviewed under the substantial evidence test. *Al Najjar*, 257 F.3d at 1283. Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole. " *Id.* at 1284. "To reverse a factual finding by the BIA, we must find not only that the evidence supports a contrary conclusion, but that it compels one." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal. *A defemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

5

To establish eligibility for CAT relief, the alien must show that it is "more likely than not" he would face torture if returned to his country. *Al Najjar*, 257 F.3d at 1303. Furthermore, when determining if the alien would be tortured upon return, one factor considered is whether the alien could relocate to a part of the country where he is not likely to be tortured. *Id.* at § 208.16(c)(3)(ii). The alien also must show that any torture would be done with the acquiescence of the government. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007). "Relief under the Convention is in the form of the mandatory remedy of withholding of removal." *Al Najjar*, 257 F.3d at 1303; *see* 8 C.F.R. § 208.16(c).

To establish eligibility for withholding of removal, an alien carries a burden of proof that is higher than that for establishing eligibility for asylum. *Al Najjar*, 257 F.3d at 1303. The alien must, with specific and credible evidence, establish that his "life or freedom would be threatened" on account of a protected ground, including political opinion. 8 C.F.R. § 208.16(b)(2)(i). If the alien demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).

If the presumption of future persecution arises, it may be rebutted in one of two ways. *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004). The burden is on the government to show, by a preponderance of the evidence, either

6

that (1) the circumstances in the home country fundamentally have changed to the extent that the alien need no longer fear persecution, or (2) the alien could avoid future persecution by relocating within the home country, and it would be reasonable for the alien to do so. *Id.*; 8 C.F.R. § 208.16(b)(1)(i).

As an initial matter, while petitioner asserts that the IJ and BIA used the wrong standard in considering his application for withholding of removal, they cited to the appropriate standard and correctly identified that withholding of removal has a higher burden of proof than asylum. Even if petitioner had established past persecution on account of his political opinion, he has not challenged in his brief the BIA's determination that he could relocate within Venezuela. Therefore, he has abandoned that issue and cannot show that his life or freedom would be threatened upon return to Venezuela or that he would be tortured upon his return. Thus, the BIA did not err by affirming the denial of his claims for withholding of removal and CAT relief.

PETITION DENIED.